Judge Mills
delivered the Opinion of the Court.
[Absent Chief Justie Binn.]
The complainants below claim land under an entry survey and patent, on military warrant, South of Green River, against an adverse entry, survey and grant of the same nature.
The complainant’s patent issued to four individuals, two of whom are complainants, and a number of persons are represented by the bill, as the heirs and devisees of the third, and a considerable number more as the hens of the fourth.
The defendants, or as many as appeared, put the complainants upon the proof of every material fact necessary for their recovery.
The court below decreed in favor of the complainants, from which this anneal is taken.
Certainly the death of two of the patentees, and who were then next of kin, to inherit the land, or who were the devisees to be shewn by a will, were facts material to the title of the plaintiffs; as part could not recover, without all were joined or made parties, according to repeated decisions of Ibis court.
Where the proper parties have not been made in such case, and the decree has been rendered, dismissing the bill absolutely, according to the pract *384 ice of this court; we have reversed the decree and sent back the cause and directed the bill to be dismissed without prejudice, on the grounds that as the chancellor might either dismiss the bill without prejudice, or direct the proper parties to be made, at his discretion, and as he had exercised his discretion in dismissing tile bill, this court would not control it; but barely correct the dismission by directing it to be done without prejudice.
Where the circuit judge decrees for complainant, when the necessary defendants were not before the court, and they have the decree reversed for that cause, the complainants will he allowed a reasonable time to make and bring in the other defendants.
If, on a bill upon an entry claiming by devise or descent, the entire estate, the proof does not shew a derivation of the to any part, this court will direct an absolute dismissal of the bill, or affirm such a decree, tho’ the proper parties were not before the court to authorize a decree for relief.
*384 In similar cases, where the decree was in favor of the complainant without proper parties being made, we have reversed the decree, and directed the bill to be dismissed without prejudice, unless the complainant should bring all the proper parties be-fore the court in a reasonable time. As this is a case where part, of the proper complainants are evidently here, and part by death and descent, are said to be owners and not. proved to be such, it is insisted on the side of the appellees, that the case ought to be sent back for proper parties; and on the part of the appellants, that the bill ought to be dismissed absolutely, or at all events, without prejudice, and in support of this position, various cases are cited from the reported decisions of this court.
None of these decisions come up to the present case. In every one of these Gases where this court has absolutely dismissed the bill, the party claimed the entire title by devise or descent, either immediately to himself, or mediately through or under some person who claimed by devise or descent, and had failed to prove ids title, by exhibiting Hint devise or proving that descent, as a necessary link of the chain of title; or they are cases where the. court has corrected the dismission of the court below, when it was absolute, and not without prejudice as before stated.
It is clear that the last class of cases cannot apply to this, for here the complainants below have a decree — nor can the first, because the complainants have shewn title in part of themselves to the claim they set up.
The reason is obvious why we must dismiss a bib absolutely, because tbs complainant has failed ts *385 prove any title derived to himself, by a descent cast. Tor in that case he fails to shew any right to the thing claimed, and as well might it be.said that where a party claimed title under a conveyance or a patent, and produced none, or where he a conveyance that did not cover the land, or one declared void, or not sufficiently proved, and adjudged invalid, he should be permitted to have the cause opened to try a second time, and then a third to produce his deed, or to get one to covet the land, or introduce more proof to establish the one questioned and adjudged invalid, as that he should be sent back, to prove title by descent. As well might it be said that it should be sent back for the proof of any other fact that he had failed to prove, a to prove title by inheritance; hnd thus our decrees would often amount to ho more than the advice of counsel directing complainants what more would be necessary to prove to entitle them to recover. In short ail such dismissions absolutely for the want of proof of a whole title by descent, though Often complained of as rigid, is no more than decreeing for defendants in other cases, where there is not proof enough, when the fact is, the same cause defeats most of the plaintiffs in law and in chancery, who are defeated; they have not sufficient proof to fit and sustain their claim, and hence they are turned out of court.
—But if complainant shews title to a moiety, and the decree-was for him below, he shall have time to make the holder of the other moiety a party, and—
—If the decree was against him, he shall have it reversed, because absolute; but the mandate shall be for a dismissal, without prejudice--at once and not after time allowed.
There appearing to be a defect of parties, both complainant and defendant, under the entry and elder grant, on the reversal of the decree granting the relief— time allowed to make and bring in all necessary parties.
*385 In this case as the complainants have a decree, their case seems more analagous to that class of cases which reverses and sends back the suit for proper parties.
But we are relieved from determining this question, by the want of proper defendants also, and for this cause the suit was not in a situation for a decree on its merits, and the chancellor ought not to have done more than have dismissed the bill, for the want of proper parties, without prejudice, or rendered a decree nisi, that the bill should be thus dismissed, unless the proper parties were brought before the court in a reasonable time, fixed by bis order. As hedias done neither; we send the case back *386 that he may make the necessary orders, to bring the proper parties in.
All holding any portion of the estate under the superior entry and elder grant, must be parties to the bill on the entry.
Parties not being before the court, discussion of the merits declined.
Censure on the transcript of the record.
The defendants are numerous, and are charged all to be the heirs of William Russell, consisting of both children and grand children. From an attentive examination of the record, we discover that a subpæna has never been executed on a considerable part of them, nor have they answered or appear. It is not suggested in any part of the record, that any partition has taken place, or that any of them hold their portions in severalty; hut they are ail represented as holding the undivided territory by descent. They were, therefore, unquestionably necessary parties before a decision on the merits. While the complainants are bringing this before the court, they will have time to shew their relation to the patentees, or to bring the real holders of the title set up by them, before the courts.
As we have to set the cause back so near its commencement, we decline deciding on the important questions of law, which have been raised and ably debated at the bar. The cause may appear in a different shape, on the final hearing. Then these questions may either be silenced, or made more formidable than they now appear :—
In doing so, we cannot help regretting that this suit should have engaged the talents of so many counsel, and progressed so solemnly through both courts, and consumed so much of the time of both, to the prejudice of other suitors, till the record is swelled to an inconvenient size, and yet he in no better state of preparation; and it has not been the least of the burden that it has imposed on us, the exploring of its transcript, badly made out by the clerk of the court below. It is full of needless repetitions and wrapped in obscurity by the transcriber, and has imposed upon the parties an unwarrantable weight of costs, and contained other imperfections and improprieties not easily to be surmounted. We often have grounds of complaint arising from records, unskilfully and improperly *387 made out by clerks, but none have afforded us more than this.
Crittenden &c. for appellants; Wickliffe, Haggin and Monroe, for appellees.
The decree must be reversed, with costs, and the cause be remanded, for new preceedings, not inconsistent with this opinion.